**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

WILFRED DREXAL DAVIS                                                                    PLAINTIFF

v.                                            3:11-cv-00213-SWW-JJV

MIKE ALLEN, Sheriff,
Crittenden County; *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

  1.     Why the record made before the Magistrate Judge is inadequate.

  2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence

desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

While detained in the Crittenden County Detention Center, Plaintiff, Wilfred Davis, filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants filed a Motion to Dismiss due to Plaintiff's failure to comply with Rule 5.5 of the Local Rules of Court. (Doc. No. 21).

**I.    HISTORY**

On October 28, 2011, Plaintiff filed his Complaint (Doc. No. 2). By Order dated November 7, 2011, Plaintiff was informed of his duty to comply with Local Rule of the Court 5.5(c)(2).[1] (Doc. No. 3 at 2-3).

---

[1] Local Rule of the Court 5.5(c)(2), states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

While detained in the Crittenden County Detention Center, Plaintiff, Wilfred Davis, filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants filed a Motion to Dismiss due to Plaintiff's failure to comply with Rule 5.5 of the Local Rules of Court. (Doc. No. 21).

**I.    HISTORY**

On October 28, 2011, Plaintiff filed his Complaint (Doc. No. 2). By Order dated November 7, 2011, Plaintiff was informed of his duty to comply with Local Rule of the Court 5.5(c)(2).[1] (Doc. No. 3 at 2-3).

---

[1] Local Rule of the Court 5.5(c)(2), states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

On August 15, 2012, the Court ordered service on the Defendants. (Doc. No. 18). The Clerk of the Court mailed a copy of the Order to Plaintiff, which was returned as undeliverable on August 23, 2012. (Doc. No. 15). Defendants next filed their Answer and the Court issued an Initial Scheduling Order. (Doc. Nos. 18, 19). The Clerk mailed a copy of the Order to Plaintiff, which was returned on September 17, 2012, as undeliverable. (Doc. No. 20).

Defendants' Answer and discovery request mailed to Plaintiff were returned on September 12, 2012, (Doc. No. 22-2) and were marked "Refused" and "Released." (*Id.*) Defendants state Plaintiff is no longer incarcerated in the Crittenden County Detention Center and they are unable to effect service of their Answer and discovery request on the Plaintiff. (*Id.*)

## II. ANALYSIS

An action may be dismissed pursuant to Rule 41(b), if the plaintiff fails to prosecute, or to comply with the Federal Rules of Civil Procedure or any order of the Court. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); *Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985). Unless otherwise specified, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits. FED. R. CIV. P. 41(b).

*Pro se* litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants. *Settlemire v. Watson*, 877 F.2d 12, 14 (8th Cir. 1989.) Local Rule 5.5(c)(2) requires a *pro se* plaintiff to "promptly" notify the Clerk of any change in his or her address. Plaintiff has failed to comply with the Local Rules of the Court and it is recommended that his Complaint (Doc. No. 2) be DISMISSED without prejudice.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion to Dismiss (Doc. No. 21) should be GRANTED and Plaintiff's

Complaint (Doc. No. 2) should be DISMISSED without prejudice.

    2.    The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and an accompanying Judgment would not be taken in good faith.

    DATED this 2nd day of October, 2012.

                                                                       _____
                                                                       JOE J. VOLPE
                                                                       UNITED STATES MAGISTRATE JUDGE